**RIGGS v. GALLETT et al.  (No. 1549.)**

Court of Civil Appeals of Texas.  Beaumont.
Nov. 24, 1927.

Rehearing Denied Dec. 7, 1927.

1. **Appeal and error** ⬤⇒907(3)—**Without statement of facts in record, Court of Civil Appeals must conclude evidence sustained trial court's conclusions of fact.**

Where there is no statement of facts in record, Court of Civil Appeals must conclude that evidence sustained trial court's conclusions of fact.

2. **Master and servant** ⬤⇒301(4)—**Court's conclusions that negligent servant, loaned to defendant by automobile company, was under defendant's control justified judgment against defendant, relieving company.**

In action for damages to automobile resulting from collision between plaintiff's car and defendant's car, being driven by servant of automobile company, judgment against defendant and relieving automobile company from liability was properly entered under conclusions by trial court that company loaned servant to defendant to drive his car, that both defendant and driver were negligent, that defendant had control of company's servant while he was driving, that servant was agent of defendant at time of collision, and that company had no control over his acts.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by Rene Gallett against L. E. Riggs and another. Judgment for plaintiff, and defendant Riggs appeals. Affirmed.

Sam C. Lipscomb, of Beaumont, for appellant.

Morris & Barnes, King & Jackson, and A. D. Moore, all of Beaumont, for appellee.

WALKER, J.  This case originated in the justice court and was by Rene Gallett against appellant and A. W. Fabra Auto Supply Company for damages to his automobile, resulting from a collision between his car and appellant's car while being driven by a servant in the general employment of A. W. Fabra Auto Supply Company. Appellant denied that he was guilty of negligence in the collision, and specially pleaded that the servant driving his car was the servant of A. W. Fabra Auto Supply Company, whose negligence, if any there was, was the proximate cause of the collision, and prayed for judgment against that company for any amount that might be rendered against him.

The case, on appeal from the justice court, was tried de novo in the county court without a jury. On conclusions that A. W. Fabra Auto Supply Company loaned its servant to appellant for the purpose of driving his car, that the negligence resulting in the accident was both that of appellant and that of the driver of the car, that appellant had the control and management of the servant while he was driving the car, that he was the agent and servant of appellant while driving the car at the time of the collision, and that A. W. Fabra Auto Supply Company had no control of the acts of the servant, judgment was entered in favor of Rene Gallett against appellant for the sum of $110, being the amount of damages sustained as a result of the collision, and in favor of A. W. Fabra Auto Supply Company that it go hence and recover its costs.

[1, 2] As there is no statement of facts in the record, we must conclude that the evidence sustained the trial court's conclusions of fact. On these conclusions, judgment was properly entered against appellant for the amount of damages sustained, and in favor of A. W. Fabra Auto Supply Company relieving it of all liability. 39 C. J. 1274.

The judgment of the trial court is affirmed.